MR. AND MRS. AUG. ROSENBLATH

VS No. 7856.

WILLIAM PIERCE et al.

May 31st, 1920.

CHARLES F. CLAIBORNE, JUDGE.

The only question involved in this case is whether the plaintiffs, father and mother, are entitled to compensation for the loss of their son killed while in the employ of the defendant S —

Sec. 8 (f ) of Act. 243 of 1916 p 512 (515) reads as follows:

"For injury causing death within one year after the accident compensation shall be computed on the following basis, subject to a maximum of Ten Dollars per week and a minimum of Three Dollars per week, and shall be paid for a period of three hundred weeks, to the following persons: 1 - 2 - 3 - 4 - 5 - 6 ".

7 - "If there be no widow nor widower nor any child, then to the father or mother of the deceased, if dependent on the deceased to any extent for support at the time of the accident, twenty-five per centum of the wages of the deceased; if in such event both the father and the mother of the deceased survive and were dependent to any extent for support at the time of the accident, fifty per centum of the wages of the deceased to the two of them. 8 - 9 - 10 - 11 - 12 - 13."

14 - "In every case of death, the employer shall pay or cause to be paid the reasonable expenses of the last sickness and burial of the employee, not exceeding one hundred dollars".

2. " The term "wages" as used in this Act is defined to mean the daily rate of pay at which the service rendered is recompensed under the contract to hire in force at the time of the accident".

Petitioners aver that on June 7th, 1918, their minor

son Bernard was employed by the defendants William Pierce
and Ole K. Olsen ir drilling holes and putting in beams in a
sugar refinery; that while so employed their son received pain-
ful injuries from which he died the same day; that at the time
of the accident and now petitioners were and are solely depen-
dent on their deceased son for support; that they are entitled
to recover one hundred dollars for the burial expenses of their
son; that, at the time he was injured, their son was earning
nine dollars a week from the defendants, and that he is entitled
to recover from them Four 50/100 dollars a week for three hundred
weeks and One Hundred Dollars for funeral expenses.

The defendants severed in their answer.

Pierce admitted the injury to plaintiffs' son, but de-
nied all the other allegations of the petition.

Olsen also admitted the injury, but denied all the other
allegations of the petition; he averred that Pierce was an inde-
pendent contractor; that plaintiffs' minor son was in the employ
of Pierce alone, and not in his; that if any judgment was ren-
dered against him, that he was entitled to recover judgment
against Pierce under Section 6 of Act 20 of 1914 p 48.

There was judgment in favor of the plaintiffs for One
Hundred Dollars for funeral expenses, and rejecting their de-
mands in other respects. The plaintiffs have appealed.

Upon the question of dependence the Judge said:

"The question that disturbs me is whether or not the
parents were dependent upon him for support. I think
that is the question in this case. According to the evi-
dence, the family was composed of the father and mother,
the plaintiffs in this case, a widowed daughter with
two children, and a son August, about 33 years of age,
and the deceased boy Bernard; there is no showing that
the mother or widowed daughter earned anything. The
father, at the time of the accident was out of a job,
making a precarious living by doing odd jobs. The im-
pression made upon me is that he did not average at that
time exceeding $30 a month. He is at present time earn-
ing between $30.00 and $40.00 a month. August contributed

557

to the household, and received board, lodging, and washing, paying only $7.00 a week toward the maintenance of the family. The boy Bernard had been working for about four years, and was contributing about $5.00 a week, for which he received board, lodging, and washing. The Court, taking judicial cognizance of the high cost of living for the last few years, is necessarily driven to the belief that that $5.00 could not have more than paid for the food and shelter that the boy enjoyed. It is impossible to say that anything could have been left out of that $5.00 which could materially assist in the maintenance of the mother and father, no matter how cheaply they undertook to live. The amount of food that would be required to keep a working man in health and strength could have cost probably all of the $5.00. I understand that the Act gives, in the case of death, the right of action to the dependents of the deceased man. In the course of years, had the boy lived, he might have materially increased his earnings, and might have become a support to his parents, but the decision of the case rests upon the evidence. At the time of his death, I am unable to find that his father and mother were dependent on the boy. The case is a hard one. I should like to do something for them, but I am unable to do so from the view I take of the evidence and the Law".

The plaintiff is the only witness on the question of "Dependence" and his testimony is as follows:

He is 58 years of age and his wife if 59; he had been a laborer all his life; at the time of his son's death he was working for the City and had been ever since; his wages amount to $35 or $40 a month; his household consisted of his wife, a widowed daughter with two small children, a son named August aged 33, and his deceased son Bernard, aged 19; he owned no property of any kind; and has no revenue except what he earns; his son August earned $12 ek of which he paid $7 to his mother; his son Bernard ear. $9 a week, of which he paid

$5 or $6 a week to his mother; both sons lived at the home
of their parents and received in return board, lodging, and
washing; the daughter was not working; what the boys gave
did not pay for what they got, but still plaintiff had to
make out with it.

We cannot agree with the learned trial judge in his
conclusions. The object of the law is to ~~replace~~ but to a certain
extent the ~~insured employee by the employer~~ *employer in the place of the employee* as regards the
person dependent on the employee "to any extent" for support.
In the present case the plaintiffs ran the house, paid the
rent, and provided the food and all the other necessaries of
a house. The father and the two sons *together* paid these expenses.
It is immaterial whether the amount paid by each one is called
a contribution or board, or whether it is more or less than
the value of the board. The fact is that each paid in a part,
and that the whole was used to pay the expenses. The father
paid about $40 a month, the son August $30, and the deceased
son Bernard $20, making a total of $90 a month; the "extent"
to which this household was benefited by the payments of Ber-
nard is represented by these twenty dollars; it may have paid
for the rent and the daily bread or some other item of expense;
the same may be said of the amount paid by August. Each
amount represents the extent of dependency of the father to-
wards each son who contributed it. If the weekly payment made
by ~~each son~~ *both sons* had been cut off, the father would have been left
with only $40 a month, an amount insufficient to support him-
self, his wife, his daughter and her two children. If the
amount contributed by any one of two sons had been withdrawn,
the ability of the father to provide for himself and family
would have been reduced that much. When Bernard's $20 a month
ceased to come in, the "dependency" of plaintiffs upon that
amount was affected to that extent. It is no argument to say
that the board and lodging and washing of the two boys were
worth more than the amount paid by them; that may be true, as
a business proposition, but the fact remains that this house-
hold of seven persons was supported by $90 a month, or about
$13 each, and that the plaintiffs depended upon the amount
paid in by each of the two boys; and that the absence of either

amount was calculated to leave quite a vacuum and make quite a difference in the necessaries the plaintiffs could procure. The trial judge was in error in saying that the law required the parents to prove that "they were dependent upon him for support". The law is: "if dependent on the deceased to any extent for support". We think the evidence shows that both the plaintiffs were "dependents" to the "extent" of about $20 a month, *upon their son Bernard* —

> "The test is whether the person is being wholly, or to a substantial degree, supported by the employee at the time of the employee's death; the dependent may have other means of support, as when the employee contributed to a family fund & c". C. J. Workmen's Compensation Acts p 61 § 82.

> "The test of dependency is not whether the petitioner, by reducing his expenses below a standard suitable to his condition of life, could secure a subsistence for his family without the contributions of the deceased son, but whether such contributions were needed to provide the family with the ordinary necessaries of life suitable for persons in their class and position". idem note 81.

> "A son living with his parents and paying the price for his board and lodging that is ordinarily paid at boarding houses may be said to be contributing to their support". idem note 82 (b).

There is no dispute as to the relations of the defendants.

Under Section 6 of Act 20 of 1914 p 48, the plaintiffs could recover from the principal contractor and from the subcontractor, reserving the right of the former against the latter.

It is therefore ordered that the judgment herein be reversed and set aside, and that the plaintiffs herein do have judgment in solido against the defendants herein, William Pierce and Ole K.Olsen, for the sum of One Hundred Dollars and for the further sum of One Thousand, three hundred and fifty dollars payable at the rate of Four 50/100 dollars weekly for three hundred weeks commencing June 21st, 1918 with legal interest from

560

April 1st, 1919 till paid and all costs of suit: *Ole K. Olsen*

It is further ordered that in case ~~William Pierce~~ *William Pierce*
pay this judgment he do recover from ~~Ole K. Olsen~~ judgment
in his favor for a like amount, and all costs.

May 31st, 1920.

661